TATIOS J. KRIKORIAN, Appellant, *v.* VARTAN FERMANIAN, Respondent.

Supreme Court, Appellate Term, First Department, May Term — Filed November, 1922.

**Banks and banking — certification of check by payee — release of maker — when claim must be on check and not on original transaction.**

The payee of a check by procuring its certification accepts the bank as his debtor and releases the maker of the check.

Where the check was taken as payment in a transaction between the parties any claim of the payee should be on the check itself, and not on the original transaction, and a judgment in his favor upon a counterclaim founded upon the original transaction is unauthorized and will be reversed and judgment directed for the dismissal of both the counterclaim and the complaint, upon the merits.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, for the defendant on a counterclaim, and dismissing plaintiff's complaint on the merits, entered upon the verdict of a jury.

*Alfred R. Bunnell,* for appellant.

*Charles A. Curtin,* for respondent.

*Per Curiam.* In respect of the plaintiff's causes of action, there is ample evidence to sustain the jury's findings in defendant's favor. In respect of the counterclaim, defendant, by having the check certified, accepted the bank as his debtor and released plaintiff as maker, and he also elected to take the check as a payment for the transaction because of which the check was made. His claim, if any, should have been on the check itself, and not on the original transaction. Since the check is lost he cannot sue upon it except as a lost check. If plaintiff refuses to consent to the payment of the check to defendant, an equity action may possibly lie against plaintiff and the bank upon proper tender of security. At all events, the judgment in this action in defendant's favor upon the counterclaim founded upon the original transaction is unauthorized.

Judgment reversed, with ten dollars costs to appellant, and judgment directed dismissing plaintiff's complaint on the merits and dismissing the counterclaim on the merits.

All concur; present, GUY, BIJUR and MULLAN, JJ.

Judgment reversed.